UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
JUSTIN MELFI,

                               Complainant,

--against--                                            **VERIFIED**
                                                         **COMPLAINT**

CITY OF OLEAN, CITY OF OLEAN FIRE DEPARTMENT,
MAYOR WILLIAM J. AIELLO,
and CHIEF TIM RICHARDSON,

                               *Respondents.*
---------------------------------------------------------------X

Plaintiff, Justin Melfi, alleges as follows:

## PARTIES

1. Plaintiff, Justin Melfi, is a natural person with a place of residence located in Olean, New York.
2. The City of Olean is a city located within Cattaraugus County, New York whose primary business address is 101 East State Street, Olean, New York 14760.
3. The current mayor of the City of Olean is Mayor William J. Aiello and maintains a business address identical to the City of Olean.
4. The City of Olean Fire Department is part of the City of Olean Department of Fire, Building and Emergency Services and whose current leader is Chief Tim Richardson.
5. Both the City of Olean Fire Department and Chief Tim Richardson have a business address identical to the City of Olean.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and as conferred by 29 U.S.C. § 2611.

7. Defendants are subject to the jurisdiction of this Court and venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) as the acts and omissions giving rise to the claims in this complaint occurred within the Western District of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff has exhausted administrative remedies as a prerequisite to bringing this claim as follows:
9. Plaintiff filed a complaint with the Equal Employment Opportunity Commission (the "EEOC"). That complaint was designated as EEOC Charge No. 525-2020-01595.
10. On October 13, 2020, the EEOC mailed Plaintiff a Dismissal and Notice of Rights letter demonstrating that he has exhausted his administrative remedies.

## FACTUAL BACKGROUND

11. Complainant was hired by the Defendant City of Olean and/or City of Olean Fire Department in July of 2011 as a Firefighter. Complainant is currently assigned to Platoon "E" in the Code Enforcement Department.
12. Complainant applied for and duly began his Family Medical Leave Act leave on June 23, 2019 because of the birth of his son.
13. On August 8, 2019 Complainant applied for a Lieutenant position with the Respondents which he was qualified for and was #1 on the eligibility list for this position.
14. On September 15, 2019 Complainant returned to work from his FMLA leave.
15. After his return to work Complainant noticed that other, less senior firefighters would have preference for shift choice over Complainant.
16. Complainant noticed this preference that other, less senior firefighters had over the Complainant because the Complainant was constantly assigned the least desirable shift, the ambulance shift, while others were rotated.
17. Because of this Complainant has come to suspect that after his return to work he has lost his seniority with the Respondents.
18. On October 23, 2019 Complainant becomes aware that he was charged for taking vacation time while he was on FMLA.

19. Complainant complained of this charging Complainant for leave while he was on FMLA to then Lt. Tim Richardson who is now Chief Richardson.
20. Complainant specifically told Lt. Richardson that morning around 10:00 A.M. that Complainant was being retaliated against for taking FMLA leave. Lt. Richardson told the Complainant to take the issue up with the Captain Patrick Zink.
21. Complainant, despite following the chain of command for reporting discrimination, duly contacted Complainant's Captain.
22. Captain Zink directed Complainant to complain to Chief Robert Bell. Complainant was hung-up on by the Captain.
23. Accordingly, Complainant called Chief Bell's office phone and cell phone multiple times but was unable to reach Chief Bell.
24. Therefore, Complainant went to the station to speak with Chief Bell in person.
25. During this complaint to Chief Bell on October 23, 2019, Complainant restated his complaint regarding the retaliatory treatment he received by being charged for vacation days while on FMLA leave.
26. Complainant specifically referred to the FMLA and to the applicable Contractual Bargaining Agreement in this discussion with Chief Bell.
27. Chief Bell stated that he didn't know the provisions of the FMLA, or what Complainant was owed because "people here do not take time off."
28. Complainant's complaint to Chief Bell thus turned into a disagreement.
29. After this discussion Chief Bell treated the FMLA approved leave taken by Complainant as an unexcused absence.
30. Chief Bell also attempted to press charges against Complainant because Complainant complained of discrimination.
31. However, no charges were ever filed against Complainant.
32. Despite this, Respondents subsequently claimed that Complainant violated the law and sought to punish Complainant for complaining of discrimination.
33. Because of Respondents' retaliation against Complainant for complaining of discrimination on October 23, 2019, Respondents placed Complainant on administrative leave with pay on October 28, 2019.

34. On November 1, 2019 Complainant was denied his pay for the foregoing vacation/FMLA dispute. Complainant was also paid at a lower hourly rate than his typical hourly rate.
35. On November 15, 2019 Complainant directed his union to grieve his loss of vacation days while on FMLA leave and the union duly grieves on Complainant's behalf.
36. On December 2, 2019 Complainant is informed by Respondents that Respondents intended to terminate Complainant for the disagreement between he and the Chief on October 23, 2019.
37. This intent to terminate was contrary to Respondents' policy regarding progressive discipline.
38. Also, on this date Complainant was placed on unpaid suspension.
39. On December 4, 2019 Chief Bell denies Complainant's November 15, 2019 grievance stating that Respondents conduct conforms with the CBA and FMLA.
40. Complainant, Complainant's union and Respondents attempt to negotiate a disposition of Respondent's intent to terminate Complainant.
41. On January 8, 2020 Mayor Aiello recommends an unpaid disciplinary suspension for Complainant in lieu of termination.
42. On January 12, 2020 Complainant appeals the Mayor's recommendation and again appeals the unpaid suspension and the Respondents' intent to terminate or otherwise discipline Complainant.
43. On January 29, 2020 Complainant files a claim with the Department of Labor.
44. On February 13, 2020 Complainant files for unemployment.
45. On February 14, 2020 Complainant becomes aware of several promotion opportunities within the Olean Fire Department and follows-up with Chief Richardson.
46. On February 28, 2020 Complainant is interviewed for a Lieutenant position.
47. On March 23, 2020 Respondents offered Complainant an unpaid suspension of shorter duration but coupled with a last chance agreement.
48. Also in March and April of 2020, upon information and belief, several employees were promoted to the Lieutenant position on a provisional basis.
49. On April 21, 2020 the Department of Labor, in response to Complainant's complaint to the Department of Labor on January 29, 2020, notifies Complainant that Respondent City of Olean wrongly withheld Complainant's holiday pay while Complainant was on FMLA.
50. Plaintiff was ordered to return to work on October 23, 2020.
51. Plaintiff duly complied with this order to return to work.

## FIRST CAUSE OF ACTION
## FMLA Interference by Defendants

52. Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

53. Under the FMLA, an employee has "'a private right of action to seek both equitable relief and money damages against any employer (including a public agency) in any Federal or State court of competent jurisdiction' should that employer 'interfere with, restrain, or deny the exercise of the FMLA rights.'" *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, (2d Cir. 2006) (quoting *Nevada Dep't of Human Resources v. Hibbs*, 538 U.S. 721, 724-25 (2003)).

54. To state a prima facie case of discrimination under the Family Medical Leave Act, "plaintiff must establish that (1) she is an eligible employee under the FMLA, (2) [defendant] is an employer as defined in FMLA, (3) she was entitled to leave under FMLA, (4) she gave notice of her intention to take leave, and (5) she was denied benefits to which she was entitled under FMLA." *Singh v. NY State Dep't of Taxation & Fin.*, 911 F Supp 2d 223, 239 (W.D.N.Y. 2012).

55. As the first element, plaintiff is eligible for leave under the FMLA as an employee of a public agency.

56. As to the second element, defendant employer is a defined employer under the FMLA as a public agency.

57. As to the third element, plaintiff was entitled to leave under FMLA having worked in excess of 1,250 hours for the past twelve (12) month period preceding his request, and was employed for a period of at least twelve (12) months and works at a location where the employer has at least fifty (50) or more employees.

58. As to the fourth element, plaintiff gave notice of his intention to take FMLA leave by requesting such leave on June 23, 2019.

59. As to the fifth element, plaintiff had his FMLA interfered with, restrained or denied its exercise when the Defendants refused to compensate him for holidays while he was on FMLA leave as required by the Contractual Bargaining Agreement that governs Plaintiff's leave allocations.

60. Based on the foregoing allegations, plaintiff states a cause of action for discrimination in violation of the Family Medical Leave Act against Defendants.

## SECOND CAUSE OF ACTION

### Retaliation in Violation of the Family Medical Leave Act by Defendants

61. Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

62. "In order to make out a prima facie case [of retaliation under the FMLA], [a plaintiff] must establish that: 1) he exercised rights protected under the FMLA; 2) he was qualified for his position; 3) he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Potenza v. City of N.Y.*, 365 F.3d 165, 168 (2nd Cir. 2004).

63. As to the first element, plaintiff exercised his rights protected under the FMLA by requesting FMLA leave on June 23, 2019.

64. As to the second element, plaintiff was qualified for his position which is evidenced by the fact that he was hired and still working for defendant immediately prior to plaintiff's request for FMLA leave.

65. As to the third element, plaintiff suffered an adverse when defendant's denied his holiday pay, placed him on unpaid leave, and failed to promote him.

66. As to the fourth element, this adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent because of its temporal proximity to the protected action and because of the disciplinary action that was initiated against him when he opposed the interference with his FMLA leave.

67. Based on the foregoing allegations, plaintiff states a cause of action for retaliation in violation of the Family Medical Leave Act against Defendants.

WHEREFORE, Plaintiff respectfully requests this Court to enter an Order:

A. Awarding Plaintiff lost compensation and benefits in an amount to be determined at trial;

B. Awarding Plaintiff damages for his emotional distress and other injuries in an amount to be determined at trial;

D. Defendants pay Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements;

E. A declaratory judgment in favor of the Plaintiff;

F. Injunctive relief as this Court deems just and equitable; and

G. Plaintiff to have such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) Fed. R. Civ. P., plaintiff hereby demands a trial by jury for all issues triable of right by a jury in this case.

Dated: January 8, 2021

Respectfully submitted,
Plaintiff Justin Melfi
By his attorneys

William V. Harper V, Esq.
*Attorney for Plaintiff*
Law Office of Lindy Korn
Electric Tower
535 Washington Street, Ninth Floor
Buffalo, New York 14203
Telephone: (716) 856-5676
Facsimile: (716) 507-8475
wharper@wharper-law.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

JUSTIN MELFI,

                                Complainant,

--against--                                               **VERIFICATION**

CITY OF OLEAN, CITY OF OLEAN FIRE DEPARTMENT,
MAYOR WILLIAM J. AIELLO,
and CHIEF TIM RICHARDSON,

                                Respondents.

-----------------------------------------------------------------X

JUSTIN MELFI, under penalty of perjury, deposes and says:

I have read the attached Complaint captioned in this matter and find it to be true to my knowledge, except as to matters alleged upon information and belief, which I believe to be true.

                                                                      _____
                                                                      JUSTIN MELFI

Sworn before me on this 8th day of Jan., 20 21

_____
Notary Public



8