IN UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NEW YORK

_____

JUSTIN MELFI

                Plaintiff,

        v.

CITY OF OLEAN, CITY OF OLEAN
FIRE DEPARTMENT, MAYOR
WILLIAM J. AIELLO, and CHIEF
TIM RICHARDSON

                Defendants.

_____

**ANSWER**

Case No. 1:21-cv-00039-WMS

Defendant MAYOR WILLIAM J. AIELLO, by and through his attorneys, GOLDBERG

SEGALLA LLP, Christopher P. Maugans, Esq. and Kristin Klein Wheaton, Esq., of Counsel, for

his Answer to the Complaint of the Plaintiff, set forth the following upon information and belief:

## **PARTIES**

1.      With respect to paragraph 1, upon information and belief Defendant admits Plaintiff

is a natural person with a place of residence located in Olean, New York.

2.      Defendant admits the allegations contained in paragraph 2.

3.      Defendant admits the allegations contained in paragraph 3.

4.      With respect to that which is alleged in paragraph 4, Defendant admits that Tim

Richardson is the Chief of the Fire Department but otherwise denies the remaining allegations

contained in paragraph 4.

5.      With respect to that which is alleged in paragraph 5, Defendant admits that the

Chief of the Fire Department is Tim Richardson with a business address of 101 East Side Street,

Olean, New York 14760, but otherwise denies the remaining allegations contained in paragraph 5.

29401236.v1

## JURISDICTION AND VENUE

6.      With respect to paragraph 6, the allegations consist of legal conclusions to which no response is required. To the extent that paragraph 6 requires a response, Defendant denies each and every allegation.

7.      With respect to paragraph 7, the allegations consist of legal conclusions to which no response is required. To the extent that paragraph 7 requires a response, Defendant denies each and every allegation.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.      With respect to paragraph 8, the allegations consist of legal conclusions to which no response is required. To the extent that paragraph 8 requires a response, Defendant denies each and every allegation.

9.      With respect to paragraph 9, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in the paragraph.

10.      With respect to paragraph 10, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in the paragraph.

## FACTUAL BACKGROUND

11.      Defendant admits that Plaintiff was hired by the City of Olean as a Firefighter in July of 2011, but otherwise denies the allegations contained in paragraph 11.

12.      With respect to paragraph 12, Defendant admits that Plaintiff applied for FMLA on June 14, 2019 in relation to the birth of his son, but to the extent paragraph 12 consists of legal conclusions to which no response is required, Defendant denies each and every allegation.

13.      With respect to paragraph 13, Defendant admits Plaintiff applied for a Lieutenant position in August 2019, but otherwise denies the allegations contained in the paragraph.

14.     Defendant admits the allegations contained in paragraph 14.

15.     With respect to paragraph 15, Defendant denies knowledge and information sufficient to form a belief as to whether Plaintiff "noticed" anything, and Defendant denies the remaining allegations contained in the paragraph.

16.     With respect to paragraph 16, Defendant denies knowledge and information sufficient to form a belief as to whether Plaintiff "noticed" anything, and Defendant denies the remaining allegations contained in the paragraph.

17.     With respect to paragraph 17, Defendant denies knowledge and information sufficient to form a belief as to whether Plaintiff "suspects" anything, and Defendant denies the remaining allegations contained in the paragraph.

18.     With respect to paragraph 18, Defendant denies knowledge and information sufficient to form a belief with respect to when Complainant became "aware" and what he became aware of.

19.     Defendant denies the allegations as phrased in paragraph 19.

20.     Defendant denies the allegations as phrased in paragraph 20.

21.     Defendant denies the allegations as phrased in paragraph 20.

22.     With respect to paragraph 22, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in the paragraph.

23.     Defendant denies the allegations as phrased in paragraph 23.

24.     Defendant denies the allegations as phrased in paragraph 24.

25.     Defendant denies the allegations contained in paragraph 25.

26.     Defendant denies the allegations as phrased in paragraph 26.

27.     Defendant denies the allegations as phrased in paragraph 27.

28. Defendant denies the allegations as phrased in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant admits he reported Plaintiff's conduct to the police but otherwise denies the allegations contained in paragraph 30.

31. With respect to paragraph 31, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in the paragraph.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. With respect to paragraph 35, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in the paragraph.

36. With respect to paragraph 36, Defendants refer to the documents for the truth of the contents contained therein and otherwise deny any wrongdoing.

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant admits that Plaintiff was suspended on December 2, 2019 but otherwise denies the remaining allegations contained in paragraph 38.

39. With respect to paragraph 39, Defendant admits the grievance was denied but otherwise denies the remaining allegations contained in paragraph 39.

40. Defendant denies the allegations as phrased in paragraph 40.

41. With respect to paragraph 41, Defendant admits he recommended unpaid disciplinary suspension for Plaintiff and refer to the documents for the truth of the contents contained therein and otherwise deny any wrongdoing.

42.    With respect to paragraph 42, Defendant refers to the documents for the truth of the contents contained therein and otherwise deny any wrongdoing.

43.    With respect to paragraph 43, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in the paragraph.

44.    With respect to paragraph 44, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in the paragraph.

45.    With respect to paragraph 45, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in the paragraph.

46.    Defendant admits the allegations contained in paragraph 46.

47.    Defendant admits Plaintiff was offered a last chance agreement, but otherwise denies the remaining allegations contained in paragraph 47.

48.    Defendant admits promotions were offered to the Lieutenant position in spring 2020, but otherwise denies the remaining allegations contained in paragraph 48.

49.    Defendant denies the allegations contained in paragraph 49.

50.    Defendant denies the allegations contained in paragraph 50, states Plaintiff was ordered to return to work on October 21, 2020, and refer to the documents for the truth of the contents contained therein.

51.    Defendant denies the allegations as phrased in paragraph 51.

## FIRST CAUSE OF ACTION
## FMLA INTERFERENCE BY DEFENDANTS

52.    Defendant repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

53.     With respect to paragraph 53, the allegations consist of legal conclusions to which no response is required. To the extent paragraph 53 requires a response, Defendant denies each and every allegation.

54.     With respect to paragraph 54, the allegations consist of legal conclusions to which no response is required. To the extent paragraph 54 requires a response, Defendant denies each and every allegation.

55.     With respect to paragraph 55, the allegations consist of legal conclusions to which no response is required. To the extent paragraph 55 requires a response, Defendant denies each and every allegation.

56.     With respect to paragraph 56, the allegations consist of legal conclusions to which no response is required. To the extent paragraph 56 requires a response, Defendant denies each and every allegation.

57.     With respect to paragraph 57, the allegations consist of legal conclusions to which no response is required. To the extent paragraph 57 requires a response, Defendant denies each and every allegation.

58.     With respect to paragraph 58, the allegations consist of legal conclusions to which no response is required. To the extent paragraph 58 requires a response, Defendant denies each and every allegation.

59.     Defendant denies the allegations contained in paragraph 59.

60.     Defendant denies the allegations contained in paragraph 60.

## SECOND CAUSE OF ACTION
### Retaliation in Violation of the Family Medical Leave Act by Defendants

61.     Defendant repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

29401236.v1

62.     With respect to paragraph 62, the allegations consist of legal conclusions to which no response is required. To the extent that paragraph 62 requires a response, Defendant denies each and every allegation.

63.     Defendant denies the allegations contained in paragraph 63.

64.     Defendant denies the allegations contained in paragraph 64.

65.     Defendant denies the allegations contained in paragraph 65.

66.     Defendant denies the allegations contained in paragraph 66.

67.     Defendant denies the allegations contained in paragraph 67.

68.     With respect to the wherefore clause and subparts to the wherefore clause, Defendant denies the allegations set for in the paragraphs, except admit that Plaintiff purport to seek such remedies.

## DEMAND FOR JURY TRIAL

69.     The Plaintiff's request for a jury trial set forth in Plaintiff's complaint does not require a response.

## AS AND FOR AFFIRMATIVE AND OTHER DEFENSES

70.     Defendant asserts the following defenses and affirmative defenses, as the latter are defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof that otherwise does not exist as a matter of law. Defendant reserves the right to assert additional defenses as they may become known during the course of discovery and trial preparation or otherwise.

## AS AND FOR A FIRST DEFENSE

71.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**AND FOR A SECOND DEFENSE**

72.     Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer an

adverse employment action.

**AS AND FOR A THIRD DEFENSE**

73.     Plaintiff's claims are barred, in whole or in part, because Plaintiff did not engage

in protected activity.

**AS AND FOR A FOURTH DEFENSE**

74.     Defendant did not interfere with Plaintiff's FMLA rights or retaliate against him

for taking FMLA leave.

**AS AND FOR A FIFTH DEFENSE**

75.     Plaintiff failed to provide proper notice for foreseeable FMLA leave and thus

cannot challenge the denial of benefits during the thirty day period immediately following his

FMLA request.

**AS AND FOR A SIXTH DEFENSE**

76.     Plaintiff's retaliation claims fail because none of the alleged events are causally

connected to any adverse employment action.

**AS AND FOR A SEVENTH DEFENSE**

77.     Plaintiff's claims are time-barred by the statute of limitations, applicable filing

deadlines and/or failure to file administrative charges in a timely fashion.

**AS AND FOR AN EIGHTH DEFENSE**

78.     Each of the causes of action are barred, in whole or in part, by equitable principles,

including but not limited to laches, waiver, preclusion, unclean hands, estoppel, and/or the after-

acquired evidence doctrine.

29401236.v1

## AS AND FOR A NINTH DEFENSE

79.      Plaintiff's claims against Defendant are barred, in whole or in part, because Plaintiff has failed to exhaust his administrative remedies and to satisfy certain conditions precedent and/or jurisdictional prerequisites to instituting this action against Defendant.

## AS AND FOR A TENTH DEFENSE

80.      Plaintiff's right to recovery is limited to the extent that he has failed to mitigate, or reasonably attempt to mitigate, damages, if any, as required by law.

## AS AND FOR AN ELEVENTH DEFENSE

81.      All decisions made by Defendant with respect to Plaintiff and all actions taken with respect to Plaintiff's employment were made without malice, ill will, fraud, oppression or any other improper motive.

## AS AND FOR A TWELFTH DEFENSE

82.      Plaintiff's claims are barred, in whole or in part, to the extent any damages allegedly suffered by Plaintiff, entitlement to which is expressly denied, were the direct and proximate result of Plaintiff's own action or inaction.

## AS AND FOR A THIRTEENTH DEFENSE

83.      The claims in the Complaint asserted against Defendant, including claims for any emotional or physical injuries or distress incurred in the course and scope of Plaintiff's employment may be barred by the exclusive remedy provisions of the New York Worker's Compensation Law.

## AS AND FOR A FOURTEENTH DEFENSE

84.      Upon information and belief, Defendant has complied with all statutory and legal requirements with respect to Plaintiff's employment.

## AS AND FOR A FIFTEENTH DEFENSE

85.     The Complaint fails to state a claim upon which costs or reasonable attorney's fees may be awarded.

## AS AND FOR A SIXTEENTH DEFENSE

86.     Plaintiff's claims are barred, in whole or in part, because all actions taken by Defendant with respect to Plaintiff were undertaken in good faith and for legitimate business reasons.

## AS AND FOR A SEVENTEENTH DEFENSE

87.     Plaintiff's claims are barred, in whole or in part, because Plaintiff was treated in the same manner as other employees on similar leaves of absence.

## AS AND FOR AN EIGHTEENTH DEFENSE

88.     Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any damages attributable to any allegedly wrongful conduct by Defendant and/or any damages or injuries were caused by Plaintiff's own conduct or the conduct of third parties.

## AS AND FOR A NINETEENTH DEFENSE

89.     Plaintiff's claims are barred, in whole or in part because the Defendant is an individual that is not an employer as defined by the FMLA nor is the Defendant otherwise covered by the FMLA.

## AS AND FOR A TWENTIETH DEFENSE

90.     Plaintiff's claims are barred, in whole or in part by the doctrines of res judicata and/or collateral estoppel.

29401236.v1

## AS AND FOR A TWENTY-FIRST DEFENSE

91.    Plaintiff's claims against Defendant are barred, in whole or in part, because Plaintiff has failed to exhaust his administrative remedies under his collective bargaining agreement and New York Civil Service Law.

The Answering Defendant also demands a jury trial of all issues herein.

**WHEREFORE**, the Defendant demands judgment as follows:

a)  Dismissing the complaint herein in its entirety and all claims for relief set forth therein, with prejudice;

b)  Denying each and every demand for relief as set for in Plaintiff's Complaint;

c)  Awarding Defendant the reasonable attorneys' fees and costs it incurs in defending this action; and

d)  Granting such other and further relief as the court deems just and proper, together with the costs and disbursements of this action.

DATED: Buffalo, New York
        March 17, 2021

> s/ Christopher P. Maugans
> Christopher P. Maugans, Esq.
> Kristin Klein Wheaton, Esq.
> GOLDBERG SEGALLA LLP
> *Attorneys for Defendant*
> 665 Main Street
> Buffalo, New York 14203
> (716) 566-5400
> cmaugans@goldbergsegalla.com
> kwheaton@goldbergsegalla.com

29401236.v1