UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUSTIN MELFI,

                  Plaintiff,                  **SCHEDULING ORDER**

   v.

                                                                         **21-CV-39Sk(F)**

CITY OF OLEAN,
CITY OF OLEAN FIRE DEPARTMENT,
MAYOR WILLIAM J. AIELLO,
CHIEF TIM RICHARDSON,

                  Defendants.
_____

       Pursuant to the Order of the Hon. William M. Skretny referring the above case to the undersigned for pretrial procedures and the entry of a scheduling order as provided in Fed.R.Civ.P. Rule 16(b) and Local Rule 16.1(a) and a conference with counsel having been held on May 4, 2021, it is ORDERED that:

       1.      In accordance with Section 2.1A of the Plan for Alternative Dispute Resolution, this case has been referred to mediation.

       2.      Motions to opt out of ADR shall be filed no later than **May 18, 2021**.

       3.      Compliance with the mandatory disclosure requirements found in Rule 26(a)(1) of the Federal Rules of Civil Procedure will be accomplished by **June 1, 2021.**

       4.      The parties shall confer and select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the Court no later than **June 1, 2021.**

       5.      The initial mediation session shall be held no later than **July 27, 2021**.

6. All motions to join other parties and to amend the pleadings shall be filed on or before **June 18, 2021.**

7. All fact discovery in this case shall conclude on **March 15, 2022.** All motions to compel fact discovery shall be filed on or before **February 14, 2022.**

8. As the ADR program does not stay discovery, Plaintiff shall initiate discovery, through interrogatories and document requests, not later than **June 18, 2021**.

9. Plaintiff shall identify any expert witnesses through interrogatories and provide reports pursuant to Fed.R.Civ.P. 26 by **November 30, 2021.** Defendants shall identify any expert witnesses through interrogatories and provide reports pursuant to Fed.R.Civ.P. 26 by **December 30, 2021.** Motions to compel expert disclosures shall be filed not later than **January 14, 2022.**

10. Dispositive motions, if any, shall be filed no later than **April 29, 2022.** Such motions shall be made returnable before Judge Skretny.

11. Mediation sessions may continue, in accordance with Section 5.12 of the ADR Plan, until **May 29, 2022.** The continuation of mediation sessions shall not delay or defer other dates set forth in this Scheduling Order.

12. In the event that no dispositive motions are filed, a final pretrial status conference is scheduled for **June 7, 2022 at 11:30 a.m**. before the undersigned.

No extension of the above cutoff dates will be granted except upon written application to Judge Skretny, filed prior to the cutoff date, showing good cause for the extension. The attached guidelines shall govern all depositions. Counsel's attention is

directed to Fed.R.Civ.P. 16(f) calling for sanctions in the event of failure to comply with any direction of this court.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
    LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: May 4, 2021
       Buffalo, New York

GUIDELINES FOR DISCOVERY DEPOSITIONS

(1)     At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition.  The witness shall abide by these instructions.

(2)     All objections, except those which would be waived if not made at the deposition under Fed.R.Civ.P. 32(d)(3)(B), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the court, or to present a motion pursuant to Fed.R.Civ.P. 30(d), shall be preserved.  Therefore, those objections need not and shall not be made during the course of deposition.

(3)     Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the court.

(4)     Counsel shall not make objections or statements which might suggest an answer to a witness.  Counsels' statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more.

(5)     Counsel and their witness/clients shall not initiate or engage in private off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege.

(6)     Any conferences which occur pursuant to, or in violation of, guideline (5) are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what.

(7)     Any conferences which occur pursuant to, or in violation of, guideline (5) shall be noted on the record by the counsel who participated in the conference.  The purpose and outcome of the conference shall also be noted on the record.

(8)     Deposing counsel shall provide to the witness' counsel a copy of all documents shown to the witness during the deposition.  The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness.  The witness and the witness' counsel do not have the right to discuss documents privately before the witness answers questions about them.

(9)     There shall be only one question at a time put to a witness.  Counsel shall permit the witness to fully answer before propounding subsequent or follow-up questions.  If the witness indicates he or she does not understand the question, counsel shall simply rephrase the question.  There is to be no characterization or comment by examining counsel as to any answer given by a witness.  Should the answer reasonably appear to

counsel to be unresponsive, counsel may so advise the witness and his or her counsel and have the question repeated by the stenographer from the record.

(10) Examining counsel shall not engage in any argument with opposing counsel as to these issues, rather his objection shall be taken on the record and appropriate relief from this court may be sought upon completion of the examination. Similarly, counsel for a witness shall not engage in any argument with examining counsel as to the objectionability of any question. Rather, he may note his objection and permit the witness to answer the question, subject to the objection.

(11) If a witness or his or her counsel is unclear as to any question, he or she shall so advise counsel and permit the examining counsel an opportunity to rephrase or withdraw the witness' question. Neither witness nor counsel shall make any comment or engage deposing counsel in an argument (other than grounds therefore) about the nature of the question or the witness' request for clarification.

(12) Examining counsel shall at no time interrupt a witness while he or she is attempting to answer a question. Counsel shall await the witness' complete response to a question before advancing any follow-up questions or moving on to a new subject.

(13) Examining counsel shall refrain from unnecessary on-the-record recitation or lengthy quotations from discovery materials or documents except as is necessary to put specific questions to the witness related to such material or documents.

(14) Authority: Fed.R.Civ.P. 16, 26(f), 30, 37(a); Hall v. Clifton Precision, 150 F.R.D. 525 (E.D.Pa. 1993).


FAILURE TO COMPLY WITH ANY THE FOREGOING MAY RESULT IN SANCTIONS PURSUANT TO FED.R.CIV.P. 37(b)(2), INCLUDING CIVIL CONTEMPT, AND ATTORNEYS FEES INCURRED BECAUSE OF A PARTY'S OR AN ATTORNEY'S NON-COMPLIANCE. SEE FED.R.CIV.P. 16(f).