IN UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NEW YORK
_____

JUSTIN MELFI,

                Plaintiff,              **DECLARATION OF**
                                                **CHRISTOPHER MAUGANS**

    v.

CITY OF OLEAN,                                    Case No. 21-cv-39
CITY OF OLEAN FIRE DEPARTMENT,
MAYOR WILLIAM J. AIELLO, and
CHIEF TIM RICHARDSON,

                Defendants.
_____

       I, Christopher P. Maugans, Esq., declare the following to be true under penalty of perjury pursuant to 28 U.S.C. § 1746:

       1.     I am an attorney duly admitted to the practice of law in the State of New York and before this Court. I am a partner at the law firm of Goldberg Segalla LLP, attorneys for Defendants. I am fully familiar with the facts and records detailed in this declaration.

       2.     Attached as **Exhibit A** is a true and accurate copy of the Complaint filed by Plaintiff, Justin Melfi (hereinafter "Plaintiff"), on January 8, 2021.

       3.     Attached as **Exhibit B** is a true and accurate copy of the relevant portions of the deposition testimony of Plaintiff, which was taken on August 11, 2022 (hereinafter "Pl. Tr.").

       4.     Attached as **Exhibit C** is a true and accurate copy of the Collective Bargaining Agreement (hereinafter "CBA") applicable to Plaintiff's employment with the City of Olean (hereinafter the "City"), which was in effect between June 1, 2016 and May 31, 2021 (authenticated at Pl. Tr. 228-29).

5. Attached as **Exhibit D** is a true and accurate copy of the disciplinary action taken against Plaintiff by the City on March 11, 2019, based upon two (2) specifications of misconduct related to abuse of sick leave and falsifying a sick leave form (authenticated at Pl. Tr. 152-53).

6. Attached as **Exhibit E** is a true and accurate copy of the written reprimand issued to Plaintiff by the City on March 11, 2019, based upon two (2) specifications of misconduct related to insubordination and discourteous behavior toward a superior ranked officer (authenticated at Pl. Tr. 153:9-18).

7. Attached as **Exhibit F** is a true and accurate copy of the grievance Plaintiff submitted on March 12, 2019 regarding the disciplinary action and written reprimand issued to him by the City on the previous day.

8. Attached as **Exhibit G** is a true and accurate copy of the recommendation issued by Mayor William J. Aiello (hereinafter "Mayor Aiello") on April 1, 2019 regarding the disciplinary action taken against Plaintiff by the City (authenticated at Pl. Tr. 156:14-22).

9. Attached as **Exhibit H** is a true and accurate copy of the recommendation issued by Mayor Aiello on April 1, 2019 regarding the written reprimand issued to Plaintiff by the City (authenticated at Pl. Tr. 159:1-12).

10. Attached as **Exhibit I** is a true and accurate copy of Plaintiff's request for leave under the Family Medical Leave Act (hereinafter "FMLA") as submitted on June 13, 2019 (authenticated at Pl. Tr. 118:16-23, 119:1).

11. Attached as **Exhibit J** is a true and accurate copy of the Notice of Eligibility issued to Plaintiff on June 19, 2019 by the City in response to Plaintiff's request for FMLA leave, indicating Plaintiff was eligible for FMLA leave (authenticated at Pl. Tr. 123:2-4).

12. Attached as **Exhibit K** is a true and accurate copy of the letter issued to Plaintiff on August 21, 2019 by the City indicating that Plaintiff was expected to report back to work on September 15, 2019, at the conclusion of his FMLA leave period (authenticated at Pl. Tr. 133:3-4).

13. Attached as **Exhibit L** is a true and accurate copy of the letter issued by Chief Robert Bell (hereinafter "Chief Bell") to Captain Pat Zink (hereinafter "Capt. Zink") on September 6, 2019 indicating that Plaintiff will be returned to his position of record on September 15, 2019 in accordance with FMLA.

14. Attached as **Exhibit M** is a true and accurate copy of the supporting deposition submitted on October 25, 2019 by Chief Bell under penalty of perjury to the City of Olean Police Department regarding the October 23, 2019 incident with Plaintiff.

15. Attached as **Exhibit N** is a true and accurate copy of the supporting deposition submitted on October 25, 2019 by Captain Jim Bennett (hereinafter "Capt. Bennett") under penalty of perjury to the City of Olean Police Department regarding the October 23, 2019 incident.

16. Attached as **Exhibit O** is a true and accurate copy of the supporting deposition submitted on October 25, 2019 by Lieutenant David Bauer (hereinafter "Lt. Bauer") under penalty of perjury to the City of Olean Police Department regarding the October 23, 2019 incident.

17. Attached as **Exhibit P** is a true and accurate copy of the supporting deposition submitted on October 28, 2019 by Firefighter Alex Austin (hereinafter "Mr. Austin") under penalty of perjury to the City of Olean Police Department regarding the October 23, 2019 incident.

18. Attached as **Exhibit Q** is a true and accurate copy of the notice issued to Plaintiff by the City on October 28, 2019 that he was being placed on paid administrative leave pending the investigation of the October 23, 2019 incident.

19. Attached as **Exhibit R** is a true and accurate copy of the contemporaneous notes taken by Capt. Bennett in relation to his issuance of the October 28, 2019 notice of administrative suspension to Plaintiff, as well as Plaintiff's response thereto.

20. Attached as **Exhibit S** is a true and accurate copy of the notice issued to Plaintiff by the City on December 2, 2019 notifying Plaintiff of the disciplinary charges filed against him, placing him on unpaid suspension, and proposing him for dismissal for violations of the City's Zero Tolerance Workplace Violence Policy.

21. Attached as **Exhibit T** is a true and accurate copy of the City's administrative directive proscribing violence in the workplace in effect as of February 12, 2019.

22. Attached as **Exhibit U** is a true and accurate copy of Plaintiff's February 19, 2019 acknowledgment of the City's administrative directive on violence in the workplace.

23. Attached as **Exhibit V** is a true and accurate copy of the grievance filed on November 15, 2019 by Union Representative Terry Gaylor on behalf of Plaintiff regarding his allegation that the City failed to pay him for two (2) holidays during his FMLA period pursuant to the CBA's holiday buyback program (authenticated at Pl. Tr. 199:4-9).

24. Attached as **Exhibit W** is a true and accurate copy of the letter issued to Plaintiff by Chief Bell on December 4, 2019 denying Plaintiff's grievance.

25. Attached as **Exhibit X** is a true and accurate copy of the final recommendation issued by Mayor Aiello to Plaintiff on January 8, 2020 regarding the proposed dismissal, which indicated his recommendation for a reduction to thirty (30) days suspension without pay.

26. Attached as **Exhibit Y** is a true and accurate copy of Plaintiff's notice of appeal of Mayor Aiello's recommendation as filed on January 12, 2020.

27. Attached as **Exhibit Z** is a true and accurate copy of the notes contemporaneously taken by the various officers who sat for Plaintiff's interview for the Lieutenant position on February 28, 2020.

28. Attached as **Exhibit AA** is a true and accurate copy of the letter sent to Mayor Aiello by Chief Tim Richardson (hereinafter "Chief Richardson") on March 24, 2020 regarding Plaintiff's complaint that he was not permitted to serve as Acting Lieutenant.

29. Attached as **Exhibit BB** is a true and accurate copy of the letter issued to Plaintiff by the City on October 20, 2020 indicating Plaintiff's return to active status on October 23, 2020 pending the disposition of the arbitration.

30. Attached as **Exhibit CC** includes true and accurate copies of the following: (1) the incident report issued by Chief Richardson regarding Plaintiff's failure to report for work on February 15, 2021; (2) the letter issued to Chief Richardson by Captain Jennings on February 15, 2021 regarding Plaintiff's failure to report to work; and (3) the contemporaneous notes taken by Chief Richardson regarding the outcome of his interview with Plaintiff on February 16, 2021.

31. Attached as **Exhibit DD** is a true and accurate copy of the letter issued to the City from the Department of Labor on February 14, 2020, detailing a complaint filed by Plaintiff against the City.

32. Attached as **Exhibit EE** is a true and accurate copy of the statement provided to the Department of Labor on March 11, 2020 by the Office of the City Auditor regarding the City's practice not to provide holiday pay to employees who are on an unpaid leave of absence.

33. Attached as **Exhibit FF** is a true and accurate copy of the decision issued by the Department of Labor on April 21, 2020 finding that the City should have paid Plaintiff holiday pay for July 4, 2019.

34. Attached as **Exhibit GG** is a true and accurate copy of Plaintiff's earnings records indicating that he was indeed paid holiday pay for July 4, 2019.

35. Attached as **Exhibit HH** is a true and accurate copy of the 27-page decision issued by Arbitrator John T. Trela on April 5, 2022, which found in favor of the City and imposed various penalties upon Plaintiff (Plaintiff acknowledged at Pl. Tr. 10:5-16).

36. Attached as **Exhibit II** is a true and accurate copy of the decision issued by the State of New York's Unemployment Insurance Appeal Board on June 21, 2022, which found in favor of the City and disqualified Plaintiff from receiving benefits related to his dismissal for misconduct.

37. Attached as **Exhibit JJ** is a true and accurate copy of Plaintiff's responses to Defendants' Requests for Admissions, as served on December 10, 2021.

38. Attached as **Exhibit KK** is a true and accurate copy of a confidential[1] April 15, 2020 letter from Terri Belli to Mayor Aiello listing all employees who have been granted FMLA leave since 2019.

39. Attached as **Exhibit LL** includes true and accurate copies of the following confidential[2] documents related to the disciplinary action taken against comparator employee Sean McLaughlin (hereinafter "Mr. McLaughlin"): (1) Mayor Aiello's March 21, 2014 letter requesting that Mr. McLaughlin appear at his office to discuss a potential disciplinary matter; and (2) a March 31, 2014 Settlement Agreement between Mr. McLaughlin, the City, and the Union which resolves his disciplinary matter and imposes certain penalties and requirements.

---

[1] Pursuant to the Stipulated Protective Order [CM/ECF Doc. No. 25], these documents have been redacted for Defendants' public filing, and will be submitted to the Clerk of Court under separate confidential cover entitled "Confidential Court Submission," alongside an application to seal the documents and a supporting declaration.

[2] Same as above.

6

40. Attached as **Exhibit MM** includes a true and accurate copy of the following confidential[3] document related to the disciplinary action taken against comparator employee Michael Connelly (hereinafter "Mr. Connelly"): Chief Bell's March 7, 2016 letter placing Mr. Connelly on administrative leave pending an investigation into allegation into misconduct.

41. Attached as **Exhibit NN** includes true and accurate copies of the following confidential[4] documents related to the disciplinary action taken against comparator employee Thomas Abdo (hereinafter "Mr. Abdo"): (1) the September 30, 2011 letter indicating Mr. Abdo was placed on administrative leave without pay pending the investigation into his alleged misconduct; (2) Chief Bell's November 8, 2011 letter to Mr. Abdo denying his Step 1 grievance, as filed on October 31, 2011; and (3) Chief Bell's February 9, 2012 notice to Mr. Abdo regarding Chief Bell's proposal to dismiss Mr. Abdo from employment based upon five (5) specifications of misconduct.

42. Attached as **Exhibit OO** includes true and accurate copies of the following confidential[5] documents related to the disciplinary action taken against comparator employee Terry Gaylor (hereinafter "Mr. Gaylor"): (1) Chief Richardson's May 7, 2021 Letter of Clarification indicating that Mr. Gaylor has been placed on administrative suspension with pay pending an investigation; (2) Chief Richardson's September 2, 2021 letter indicating his decision to demote Mr. Gaylor; and (3) Chief Richardson's June 3, 2021 letter indicating that Mr. Gaylor was placed on suspension without pay pending disposition of dismissal charges.

---

[3] Same as above.

[4] Same as above.

[5] Same as above.

43. Now, upon the prior pleadings and proceedings in this action, the Defendants' Statement of Undisputed Material Facts, Plaintiff's deposition testimony, and the Supporting Declaration and Affidavits with attached exhibits, and for the reasons stated in the Defendants' Memorandum of Law in support of its Motion for Summary Judgment, Defendants respectfully submit that this Court should grant the Defendants' Motion for Summary Judgment and dismiss the Complaint in its entirety and with prejudice.

Executed on: January 30, 2024           I declare under penalty of perjury that the foregoing is true and correct.

_____
Christopher P. Maugans