UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JUSTIN MELFI,

                *Plaintiff,*

v.

                                                21-cv-39Sk(F)

CITY OF OLEAN, CITY OF OLEAN FIRE
DEPT., MAYOR WILLIAM J. AIELLO and,
CHIEF TIM RICHARDSON.

                *Defendants.*

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**LAW OFFICE OF LINDY KORN PLLC**

William F. Harper V, Esq.
*Attorneys for Plaintiff*
Electric Tower
535 Washington Street, Ninth Floor
Buffalo, New York 14203
Telephone: (716) 856-5676
Facsimile: (716) 507-8475
wharper@lkorn-law.com

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted by Plaintiff Justin Melfi in response to Defendant's Motion for Summary Judgement and its accompanying papers. Defendants' papers argue for *res judicata* and/or collateral estoppel and largely engage in a McDonnell Douglas analysis regarding the remainder of Plaintiff's claims. However, *res judicata* and collateral estoppel should not apply to this matter, and if it does -regarding the Department of Labor finding against Defendant City of Olean, it should apply in *favor of the Plaintiff*. Moreover, Plaintiff has submitted direct evidence of Defendants' intent to discriminate, rendering a McDonnell Douglas analysis, the accompanying temporal proximity evaluation, and the alleged lack of comparators, moot.

**STANDARD OF REVIEW**

The evaluation of a claim at summary judgment requires that Plaintiff establish a *prima facie* case of discrimination by showing that "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 83 (2nd Cir. 2015) citing Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000). To establish a legitimate, nondiscriminatory reason, "... the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection. The explanation must be legally sufficient to justify a judgment for the defendant." Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 255 (1981). The burden of demonstrating that the proffered reasons were pretextual then shifts back to the plaintiff. Burdine at 253.

To avoid summary judgment in an employment discrimination case, the plaintiff is not required to show that the employer's proffered reasons were false or played no role in the employment decision, "but only that they were not the only reasons and that the prohibited factor

2

was at least one of the 'motivating' factors." Holcomb v. Iona College, 521 F.3d 130, 138 (2nd Cir 2008)(internal citations omitted). When deciding a motion for summary judgment, "a court must view the evidence and the inferences drawn from the evidence "in the light most favorable to the party opposing the motion." Mento v. Potter, 2012 U.S. Dist. LEXIS 73319, 15-16 (W.D.N.Y. 2012) quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). Indeed, in ruling on a motion for summary judgment, the court "'*must disregard all evidence favorable to the moving party that the jury is not required to believe*.'" Moll v. Telesector Res. Grp., Inc., 94 F.4th 218, 228 (2nd Cir. 2024) quoting Kaytor v. Elec. Boat Corp., 609 F.3d 537, 545 (intermediate quotation marks omitted) (emphasis in Kaytor)). "However, the party against whom summary judgment is sought 'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" Id. quoting Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002). "'Only when reasonable minds could not differ as to the import of evidence is summary judgment proper.'" Id. quoting Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

In weighing the merits of a motion for summary judgment, a court should presume that the plaintiff has made a *prima facie* case. See, Mento v. Potter, 2012 U.S. Dist. LEXIS 73319, 30-31 (W.D.N.Y. 2012)("Conscious of the fact that "on all but the rarest of motions for summary judgment, [courts] should simply assume, for purposes of th[e] motion only, that plaintiffs have established a prima facie case," Pellegrino v. Cnty. of Orange, 313 F. Supp. 2d 303, 315 (S.D.N.Y. 2004), this Court concludes that Plaintiff has met her burden as to those acts alleged to have occurred while she was at the Kenmore Post Office.")

In the employment discrimination context, a court should take a "totality of the circumstances" approach and look to "the entire record to determine whether the plaintiff could

satisfy [her] 'ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff.'" Burgos v. Southeast Works, 13-CV-704S (WDNY 2017) quoting Schnabel v. Abramson, 232 F.3d 83, 88 (2d Cir. 2000). Moreover, "[d]istrict courts must be cautious in granting summary judgment in employment discrimination cases because 'the ultimate issue to be resolved in such cases is the employer's intent, an issue not particularly suited for summary adjudication.'" Id. quoting Eastmer v. Williamsville Cent. Sch. Dist., 977 F. Supp. 207, 212 (W.D.N.Y. 1997).

Finally, "it is well-settled that courts must be 'particularly cautious about granting summary judgment to an employer in a discrimination case when the employer's intent is in question. Because direct evidence of an employer's discriminatory intent will rarely be found, affidavits and depositions must be carefully scrutinized for circumstantial proof which, if believed, would show discrimination.'" Schratz v. Potter, 2008 U.S. Dist. LEXIS 102954, *16-17 (WDNY 2008) quoting Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir. 1997)(citations and internal quotations omitted).

## ARGUMENT

### I.     Res Judicata does not apply.

Defendant states that "the Court should apply res judicata and/or collateral estoppel to Plaintiff's claims regarding his holiday pay for July 4, 2019, which represents the entirety of his FMLA interference claim" because "the DOL acted in a quasi-judicial capacity to resolve disputed issues of fact that both Plaintiff and the City had an adequate opportunity to litigate, and the issues were finally resolved and laid to rest by Plaintiff, he is bound by the DOL's determination and the subsequent resolution." (Docket No. 70-47, pg. 8).  Defendants support this argument by claiming that "the DOL clarified in its decision that, since the FMLA does not provide employees with

greater benefits in excess of employees on similar leaves, Plaintiff was not entitled to holiday pay for Labor Day while he was on unpaid leave." (Docket No. 70-47, pg. 7). Defendants' citation to Def. SOMF para 154 which is not a decision but rather a summary of charges with explanations of law.

"*Res judicata* bars re-litigation if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Soules v. Connecticut, 882 F.3d 52, 55 quoting Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000).

**A. Defendants' motion has not established a judgment on the merits.**

Regarding the first element, there is no evidence produced in Defendants' motion that establishes a judgment on the merits. The absence of a judgment on the merits dictates that *res judicata* cannot apply.

**B. Plaintiff's FMLA interference claim is broader than the issues before the DOL.**

On the third element regarding whether the claims could have been raised in the prior action, the Court in Soules states that " we consider whether the second lawsuit concerns "the same claim—or nucleus of operative facts—as the first suit," applying three considerations: "(1) whether the underlying facts are related in time, space, origin, or motivation; (2) whether the underlying facts form a convenient trial unit; and (3) whether their treatment as a unit conforms to the parties-expectations." Soules v. Connecticut, 882 F.3d 52, 55.

Plaintiff states that the cause of action for FMLA interference encompasses any denial of benefits that the plaintiff is entitled to under FMLA. Here, the DOL decision only regards the two (2) holidays that Plaintiff challenged. (See, Docket No. 70-31). Therefore,

5

Plaintiff's denial of his two holidays, his denial of family leave, his failure to promote, and his adverse scheduling, and his discipline fall under this cause of action.

Here, Plaintiff was threatened with retaliation by Chief Bell for taking FMLA leave and was subsequently denied his family days and holiday pay. (Plaintiff's SOMF, para. 120). When Plaintiff was scheduled to return to work, Plaintiff found that he was not on the work schedule. (Plaintiff's SOMF, para. 198).

As a result, Plaintiff's DOL action was not related in time, space, origin, or motivation per Soules, *supra*. Accordingly, *res judicata* does not apply.

**C. Defendants' cessation of discrimination does not deprive this Court of the power to determine the legality of Defendants' conduct.**

Moreover, "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice" unless it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 609 (2001)(superseded on other grounds) quoting Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 189, 145 L. Ed. 2d 610, 120 S. Ct. 693 (2000) (internal quotation marks and citations omitted).

Here, that the Defendants voluntarily paid Plaintiff for one of his holidays does not deprive this Court the power to determine the legality of Defendants' conduct. That Plaintiff expended time and resources and was the subject of discipline for complaining about Defendants' conduct, negates an application of res judicata.

**D. *Res judicata*, if applied, should be in favor of Plaintiff.**

However, should *res judicata* apply, such application should be in favor of the Plaintiff. The DOL concluded that Defendant City of Olean illegally withheld Plaintiff's pay. (See, Docket

No. 70-48, para. 156). That the DOL came to this conclusion pursuant to Plaintiff's FMLA complaint is evidence of Defendants' intent to discriminate against Plaintiff on the basis of his FMLA use. Accordingly, an application of *res judicata* should be applied in Plaintiff's favor.

## II.    Collateral estoppel does not apply to either the Department of Labor finding nor the arbitrator's decision.

### A.  Collateral estoppel does not apply to the DOL investigation.

Defendants' papers also seek the application of collateral estoppel to the DOL's investigation. See, (Docket No. 70-47, pg. 8).

"Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding," Phoenix Light SF Ltd. v. Bank of N.Y. Mellon, 66 F.4th 365, 371 (2nd Cir. 2023)(internal citations omitted).

"Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." Phoenix Light SF Ltd. v. Bank of N.Y. Mellon, 66 F.4th 365, 371 (2nd Cir. 2023) quoting Plymouth Venture Partners, II, L.P. v. GTR Source, *LLC*, 988 F.3d 634, 642 (2d Cir. 2021) (internal quotation marks omitted); see also In re Howard v. Stature Elec., Inc., 20 N.Y.3d 522, 525, 986 N.E.2d 911, 964 N.Y.S.2d 77 (2013).

As stated *supra* regarding *res judicata*, Plaintiff's DOL action was comprised of only two (2) unpaid holidays. (See, Docket No. 70-31). However, pursuant to statute, Plaintiff's cause of action for FMLA interference is much broader than the two (2) unpaid holidays. (Plaintiff's SOMF, paras. 120, 128). Nor does the current motion have any evidence of a decision being reached by

7

the DOL. Accordingly, the identical issues were not decided in the prior action and collateral estoppel should not apply.

### B. Collateral estoppel does not apply to the arbitrator's decision.

Defendants' papers argue that collateral estoppel requires that significant value should attach to the decision of the arbitrator as it concerns Defendants' motion for summary judgment. (Docket No. pg. 9).

Defendants' argument is that collateral estoppel is appropriate after consideration of the relevant factors which include "…the degree of procedural fairness in the arbitral forum, adequacy of the record with respect to the issue of discrimination, and the special competence of particular arbitrators." (Docket No. 70-47, pg. 8).

Notably, there is no argument regarding the special competence of the arbitrator in this matter, therefore that matter is conceded by Defendant. With regard to the remaining two factors, Plaintiff submits that despite the portions of the cited arbitration, these remain unsatisfied.

First, the arbitration labels the issues to be decided as "[d]id the Chief have just cause to dismiss Justin Melfi from employment as reflected in its Notice dated December 2, 2019? If not, what shall the remedy be?" (Docket No. 70-35, pg. 4) and "[d]id the City's suspension of Melfie [sic] without pay, pending the outcome of the dismissal arbitration, violate the collective bargaining agreement? If so, what shall the remedy be?" (Docket No. 70-35, pg. 5).

The arbitration did not address (nor could it at the time) all the adverse actions alleged by Plaintiff in his Verified Complaint. Because the scope of the arbitration is different than the scope of the Verified Complaint, summary judgment cannot be awarded as to the remainder of Plaintiff's claims.

Additionally, given the scope of the issues, Plaintiff did not have the opportunity to fully litigate the issues of discrimination. While the arbitrator may have issued limited opinions regarding FMLA (See, Docket No. 70-35, pg. 20), there is no indication in the decision that Plaintiff was fully litigating whether such denial of leave was discriminatory. Moreover, given the scope of the issues presented, whether discrimination occurred was not the subject of the arbitration. Accordingly, collateral estoppel should not apply to an arbitration limited in scope to exclude all of Plaintiff's causes of action and on the issue of discrimination.

Defendants also rely, in part, on Collins v. New York City Transit Auth., 305 F.3d 113 (2nd Cir. 2002) to argue that collateral estoppel should apply to the decision of the arbitrator. Collins held that "Appellant's termination occurred, therefore, only after a decision, based on substantial evidence, of an undisputedly independent, neutral, and unbiased adjudicator that had the power to prevent the termination. This fact is highly probative of the absence of discriminatory intent in that termination." Collins v. N.Y. City Transit Auth., 305 F.3d 113, 119 (2nd Cir. 2002).

Therefore, Collins found that the imposition of the adverse action by a neutral attenuated the discriminatory intent of the bad actors. Here, the alleged bad actors were the same individuals who imposed the adverse action, and the arbitration merely reviewed the proposed termination. (See, Docket No. 70-46, para. 70). Accordingly, Collins is distinct from the matter at hand and does not support the application of collateral estoppel. Importantly, unlike Collins, the arbitrator here did not impose the proposed termination that Defendants sought and is another reason why collateral estoppel should not apply.

Finally, Plaintiff's suspension came after he complained of FMLA interference or retaliation. Plaintiff's complaint constituted protected activity. Whether the Defendants'

motivation in suspending Plaintiff was supported by an LNDR or was unlawful retaliation should be for the trier of fact to decide.

### III. FMLA leave was not foreseeable

Defendants' papers argue that Plaintiff failed to give notice pursuant to statute that he intended to take FMLA leave. (Docket No. 70-47, pg. 11).

29 C.F.R. 825.302(a) provides that notice of the need to take FMLA leave should be made thirty (30) days in advance if foreseeable. If the need for leave is not foreseeable the statute provides:

> If 30 days notice is not practicable, such as because of a lack of knowledge of approximately when leave will be required to begin, a change in circumstances, or a medical emergency, notice must be given as soon as practicable.
> 29 C.F.R. 825.302(a).

Here, Plaintiff stated that leave was not foreseeable when he stated that he came to the conclusion to ask for FMLA leave because his wife was ill. (Plaintiff's SOMF, para 205). Defendants' only argument regarding notice is that Plaintiff should have asked for leave connected to the birth of his child is forcing a rule onto an employee voluntary election and is not enforceable here. Moreover, that FMLA leave was granted (See, Docket No. 70-48, para. 43) renders this notice argument moot.

### IV. Plaintiff established that Defendants intended to deny Plaintiff leave if he took FMLA.

Defendants argue that Defendants "encouraged Plaintiff to request FMLA leave" and claim that Defendant Chief Bell stated that "we'll get it worked out." (Docket No. 70-47, pg. 11). However, Plaintiff's unrefuted testimony is that Chief Bell said that if Plaintiff took FMLA leave and did not receive his five (5) family days, then "you know we have a problem." (Plaintiff's SOMF, para. 199). This statement was recorded and produced to Defendants in discovery

10

(Plaintiff's Exhibit K). Plaintiff ultimately did not receive his five family days as threatened by Defendant Bell. (Plaintiff's SOMF, para. 210).

The denial of Plaintiff's family days is an adverse action not addressed in Defendants' Motion for Summary Judgment. Accordingly, the accusation that Plaintiff was retaliated against for taking FMLA leave by denial of his holiday pay in the second cause of action in the Verified Complaint stands unrebutted. Therefore, the instant motion should be denied, and this matter set for trial.

Moreover, that the Defendant explained that he would impose a consequence to Plaintiff if Plaintiff should take FMLA leave is direct evidence of Defendants' intent to discriminate. Direct evidence of discriminatory intent abrogates the need for a McDonnell Douglas pretext analysis. See, McMillan v. City of New York, 711 F.3d 120, 129 (2d Cir. 2013).

**V.  Defendants carried out that intent to discriminate against Plaintiff for taking FMLA by denying him paid family leave and by not returning Plaintiff to the calendar upon Plaintiff's return to work.**

Defendants claims that "Plaintiff's only remaining issue is two (2) days of holiday pay during his FMLA period, to which he claims he was entitled under the terms of the Collective Bargaining Agreement (hereinafter "CBA") between the City of Olean and the Firefighter's Union." (Docket No. 70-47). This is incorrect.

As Defendants cite, a *prima facie* case of interference with FMLA rights includes the element that a plaintiff be "denied benefits to which he was entitled under FMLA." (Docket NO. 70-47, pg. 10). Therefore, Plaintiff's denial of his two holidays, his denial of family leave, his failure to promote, and his adverse scheduling, and his discipline fall under this cause of action.

Here, Plaintiff was threatened with retaliation by Chief Bell for taking FMLA leave and was subsequently denied his family days and holiday pay. (Plaintiff's SOMF, para. 120). When

11

Plaintiff was scheduled to return to work, Plaintiff found that he was not on the work schedule. (Plaintiff's SOMF, para. 198). Plaintiff amended his claim to include his loss of Family Days (see, Plaintiff's Exhibit R) and was asked about Family Days during his deposition (see, Docket No. 70-3, pg. 239). Accordingly, these adverse actions constitute Plaintiff's claim in excess of his unpaid holidays.

### VI. Defendants then denied Plaintiff's application for promotion based on Plaintiff's protected activity.

After learning that Defendants had failed to compensate Plaintiff for his holiday pay, Plaintiff spoke with Chief Bell about that specific issue. (Plaintiff's SOMF, para. 66). In complaining to Chief Bell that he had been denied compensation, especially in light of his usage of FMLA and/or sick leave, Plaintiff engaged in protected activity. Because of this protected activity between Plaintiff and Defendants, Defendants suspended Plaintiff and sought his termination.

Next, Defendants' papers show that Plaintiff was not recommended for promotion, at least in part, because he "was suspended prior to the interview…" (Plaintiff's SOMF, para. 123).

This notation in the Plaintiff's interview notes provides the causal link between the adverse action and the discriminatory intent of the Defendants. Because the suspension was for protected activity, the failure to promote Plaintiff because of that discipline is retaliation. Defendants' assertion that "Plaintiff's documented history of misconduct precludes any inference of retaliatory intent" (Docket No.70-47, pg. 17) is shown as pretextual as the alleged basis for failing to promote the Plaintiff was Plaintiff's engagement in protected activity. The suspension was retaliation for protected activity, and the denial of promotion based on the suspension for protected activity was further retaliation. Accordingly, the intent of the Defendants should be put before a trier of fact.

### VII. Defendants have no LNDR for failing to pay Plaintiff for his family days.

Plaintiff ultimately did not receive his five family days as threatened by Defendant Bell. (Plaintiff's SOMF, para. 210). Defendants' memorandum does not contain an argument articulating an LNDR regarding the denial of Plaintiff's five (5) family days, but the Defendants' Statement of Material Facts raises that Plaintiff "did not refer to any illness of his family members or submit any documentation indicating that he needed to be out of work to attend a family members' illness" (Docket No. 70-48, pg. 29). Plaintiff submits that this is not required to request Family Days.

Plaintiff notes that Chief Bell had previously tied together the denial of family days with Plaintiff's use of FMLA during the meeting where Plaintiff brought up his wife's pregnancy. (Plaintiff's SOMF, paras. 199-201). Plaintiff spoke about his wife's illness and Plaintiff's need to care for his wife. (Plaintiff's SOMF, paras. 203-204). Accordingly, Defendants had notice of the need for Plaintiff's use of Family Days and tied the denial of those days to Plaintiff's use of FMLA. Additionally, because such leave is discretionary to the Chief, no formal process had to be filed. (Plaintiff's SOMF, para. 204).

Therefore, Plaintiff provided notice to Defendants regarding his request to use Family Days, provided the correct information, and the Defendants exercised their discretion to deny Plaintiff his benefits. This recitation is a *prima facie* case of discrimination and shows that the argument that Plaintiff failed to document the illness of his family members, is pretextual. Accordingly, this matter should be placed on the calendar for trial.

### VIII. Defendants Chief Richardson and Mayor Aeillo are properly individual defendants for the retaliatory actions taken against Plaintiff.

Defendants' final argument is that the individually named defendants, Chief Richardson and Mayor Aiello, should be dismissed as they did not control Plaintiff's FMLA rights. (Docket No.

13

70-47, pg. 24). Because Defendants Richardson and Aiello played an integral part in the discrimination against Plaintiff based on his use of FMLA, they should not be dismissed as individual Defendants.

Defendants' papers cite to Graziado where the Second Circuit held that a human resources director exercised sufficient control over Plaintiff's FMLA rights to be liable as that defendant "played an important role in the decision to fire [the plaintiff]" and "exercised control over [the plaintiff's] schedule and conditions of employment." (Docket No. 70-47, pgs. 23-24, citing Graziadio v. Culinary Inst. of America, 817 F.3d 415, 422 (2nd Cir. 2016)).

Chief Richardson was the decision-maker in the decision not to promote Plaintiff. (Docket No. 70-43, paras. 35-37). Therefore, Defendant Richardson was involved in the alleged adverse action against Plaintiff and controlled Plaintiff's job duties pursuant to Graziado. Accordingly, Defendant Richarson should remain as an individual defendant.

Defendant Aeillo was the decision-maker on the denial of promotion of Plaintiff (Docket No. 70-46, para. 81), whether to grant or deny Plaintiff's FMLA leave (Docket NO. 70-46, pg. 4 para. 28), and the termination of Plaintiff (Docket No. 70-46, pg. 9, para. 73). Pursuant to Graziado, Defendant Aeillo should remain an individual defendant in this matter because of the scope of his authority over Plaintiff's terms and conditions of work.

### IX. Defendants offer no rebuttal to Plaintiff's claim that he experienced other adverse actions.

Plaintiff's Verified Complaint states that after he returned to work from his FMLA leave that he was not on the schedule and thereafter received less favorable shift assignments despite his seniority. (See, Plaintiff's SOMF, paras. 198, 215). Under FMLA interference, or as an adverse action under FMLA retaliation, these constituted adverse actions. (See, Burlington N. & S.F. Ry. Co. v. White, 548 U.S. 53, 68 (2006)("[t]o prove a discrete act was retaliatory, a plaintiff must show

14

that the challenged action "might have dissuaded a reasonable worker from making or supporting a charge of discrimination.")

However, Defendants articulate no LNDR regarding these adverse actions. Accordingly, these adverse actions stand unrebutted and must form the basis of a denial of Defendants' motion for summary judgment.

## **CONCLUSION**

Plaintiff submits that res judicata and collateral estoppel are inappropriate here and that direct evidence exists of the Defendants' intent to discriminate against Plaintiff.

For the foregoing reasons, Defendants' motions fails to establish that that the Defendants are entitled to the relief sought. Accordingly, Plaintiff respectfully submits that this motion for summary judgment should be denied in its entirety.

Dated: June 5, 2024
Buffalo, New York

 _s/ William F. Harper V_____
William F. Harper V, Esq.
*Attorneys for Plaintiff*
Law Office of Lindy Korn
Electric Tower
535 Washington Street, Ninth Floor
Buffalo, New York 14203
Telephone: (716) 856-5676
Facsimile: (716) 507-8475
wharper@lkorn-law.com